UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60358-ALTMAN/LETT

**KENNETH HOROWITZ** *as assignee of*
**UNDERWATER EXPLORATION COMPANY INC.,**

    Plaintiff,

v.

**ALLIED MARINE, INC.**,

    Defendant.
_____/

### REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S RENEWED MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS WITH INCORPORATED MEMORANDUM OF LAW

THIS CAUSE comes before the Court upon Plaintiff's Renewed Motion for Attorney's Fees and Non-Taxable Costs with Incorporated Memorandum of Law ("Motion" or "Mot.") [ECF No. 283]. The matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Roy K. Altman, United States District Court Judge for the Southern District of Florida, for a Report and Recommendation. ECF No. 286. Defendant Allied Marine, Inc. ("Defendant") responded in Opposition to Plaintiff Kenneth Horowitz's ("Plaintiff") Motion ("Response" or "Resp.") [ECF No. 285], and Plaintiff replied in support of his Motion ("Reply") [ECF No. 292]. The Motion is ripe for determination. Upon consideration of the Motion, Response, Reply, and being otherwise apprised in this case, the undersigned **RECOMMENDS** that Plaintiff's Motion be **GRANTED in part and DENIED in part**.

## BACKGROUND

This lawsuit arises from Plaintiff's purchase and Defendant's sale of a 38' yacht on March 21, 2020. Mot. at 1. The sale included a limited warranty provided by Defendant. *Id*. From the date of delivery, Plaintiff was unable to operate the vessel as intended due to significant defects. *Id*. As a result of the vessel's inoperable nature, Plaintiff commenced this lawsuit on February 15, 2021. *Id.*

The case was tried before a jury in April 2024, which resulted in a split verdict. The jury returned a verdict in favor of Plaintiff on Count VI (Breach of Implied Warranty of Merchantability) and against Plaintiff on Counts I and IV (Breach of Express Warranty).[1] *Id.*; Resp. at 1-2. Relevant to the arguments made in the instant Motion, Defendant contends that Plaintiff did not bring Count VI pursuant to the Magnuson Moss Warranty Act ("MMWA"), but under Florida law.[2] Resp. at 2. Defendant was ordered to pay Plaintiff $546,055.28. Mot. at 2. After several post-judgment motions, Plaintiff now seeks to recover $915,601.13 in attorney's fees and taxable costs that accrued since Plaintiff filed this lawsuit through his filing of the Motion. *Id.* at 3. Defendant challenges Plaintiff's entitlement to the requested fees and, in the alternative, challenges the reasonableness of Plaintiff's fees. Resp. at 2.

---

[1] Plaintiff's Amended Complaint [ECF No. 27] contains six causes of action. However, on March 2, 2022, the Court dismissed Counts II, III, and V with prejudice. ECF No. 85.

[2] The Court notes that Paragraph 1 of the Amended Complaint states, "[t]his is an action for breach of express and ***implied warranties pursuant to the Magnuson Moss Warranty Act***, 15 U.S.C. § 2301, *et al.*" (emphasis added). Am. Compl, ¶ 1. Additionally, Plaintiff cites two sections of the MMWA in Count VI of the Amended Complaint. *Id.* ¶¶ 306-307.

## DISCUSSION

I.  **ENTITLEMENT**

A. <u>Entitlement to Attorney Fees Under 15 U.S.C. 2310(d)</u>

On July 8, 2024, Judge Altman deemed Plaintiff the prevailing party in the underlying action. *See* Omnibus Order at 13-15, ECF No. 259 ("By this standard, Horowitz is the prevailing party here."). Judge Altman reasoned that Plaintiff obtained relief on at least some of his claims where the jury found Defendant liable for breach of the implied warranty of merchantability. *Id*. As the prevailing party, Plaintiff asserts that he is entitled to attorney's fees and costs pursuant to 15 U.S.C. § 2310(d)(2) of the MMWA, which provides:

> If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.

15 U.S.C. § 2310(d)(2). In response, Defendant argues that Plaintiff failed to establish entitlement to attorney's fees because "his claim was not brought pursuant to the applicable statutory claim." Resp. at 2.

The Court disagrees. Though it is true that, unlike Plaintiff's other claims, Count VI of the Amended Complaint does not expressly state that Defendant's alleged actions were in violation of the MMWA,[3] this fact is a distinction without a difference because

---

3   *See* Am. Compl. ¶¶ 285-298, ECF No. 27; *cf*. Id. ¶¶ 209-298.

3

the MMWA authorizes plaintiffs to recover attorney's fees for successful claims brought under state law. *See Hines v. Mercedes-Benz, LLC*, 358 F. Supp. 2d 1222, 1235 (N.D. Ga. 2005) (noting that "the MMWA calls for the application of state written and implied warranty law, not the creation of additional federal law," and the MMWA "relates to damages, not liability, and provides for consumers' recovery of costs and attorney's fees in successful actions for breach of warranty *under state law*") (emphasis in original) (citations omitted); *see also Barton v. Hertz Corp.*, 35 F. Supp. 2d 1377, 1381 (M.D. Fla. 1999) (finding that the plaintiff had "a statutory legal basis" to seek attorney's fees for state law claims brought "pursuant to the Magnuson-Moss Warranty Act"). Moreover, the MMWA unambiguously defines "implied warranty" as "an implied warranty arising under State Law . . . in connection with the sale by a supplier of a consumer product." 15 U.S.C. § 2301(7).

Here, Plaintiff obtained a favorable judgment on his breach of implied warranty of merchantability claim. It is of no consequence that Plaintiff's claim for which he recovered a successful judgement was brought pursuant to Fla. Stat. § 672.314. Indeed, the Magnuson-Moss Warranty Act allows Plaintiff to recover fees where Plaintiff was damaged by Defendant's failure to comply with an obligation under the implied warranty provided to Plaintiff by Defendant. *See Barton*, 35 F. Supp. at 1381. Accordingly, Plaintiff properly seeks and is entitled to attorney's fees and costs under the MMWA.[4]

---

[4] Defendant asks the Court to exercise its discretion to not award attorney's fees due to the mixed verdict. Resp. at 5-6. For the reasons stated, *see supra* II(b), the Court finds that Plaintiff is entitled to recover attorney's fees and therefore, declines to exercise such discretion.

B. <u>Entitlement to Fees on Fees</u>

Plaintiff seeks to recover its fees for litigating the attorney's fees in this matter. Mot. at 7. Plaintiff notes that "[u]nder Florida law, Plaintiff is entitled to recover the fees Plaintiff incurred while litigating Plaintiff's entitlement to attorney's fees." *Id.* Plaintiff bolster's his entitlement to "fees on fees" by citing *Ramirez v. Rosalia' Inc.*, No. 20-cv-23270, 2023 WL 3930726, at * 6 (S.D. Fla. June 9, 2023) (Damian, J.), which notes that the "Court agrees that under the precedent in the Eleventh Circuit, Plaintiff is entitled to recover fees incurred litigating the amount of attorney's fees." *Id.* (citing *Norelus v. Denny's, Inc.*, 628 F. 3d 1270 (11th Cir. 2010)). However, as Defendant correctly points out, *Ramirez* and the cases to which it relies on are factually and legally different from the present case. For example, *Ramirez* involved recovery under the Fair Labor Standards Act, while *Norelus* involved sanctions under 28 U.S.C. §1927. Nevertheless, not only does Florida law allow the recovery of fees incurred while litigating entitlement to attorney's fees, but more importantly, Federal law allows the recovery of fees for litigating entitlement *and* amount. *See Gatearm Techs. v. Access Masters, LLC*, No. 14-62697-CIV, 2021 WL 7540774, *4 (S.D. Fla. July 12, 2021); *see also McMahan v. Toto*, 311 F.3d 1077, 1086 (11th Cir. 2002) (acknowledging a Florida Supreme Court case that "noted the contrary federal court practice of allowing recovery of attorney's fees for litigating both entitlement and amount issues, and it distinguished that practice based on different statutory purposes").

Here, it is evident that Plaintiff obtained a favorable judgement for his breach of implied warranty claim brought under Florida law. It is also evident that Plaintiff is

5

litigating his entitlement to attorney's fees as Defendant expressly argues that Plaintiff "failed to establish entitlement to attorney's fees." *See generally* Response. Defendant also challenges Plaintiff's amount of reasonable attorney's fees. *See* Response at 16-17. Where Federal law provides for the recovery of fees incurred while litigating entitlement and amount, Plaintiff is entitled to recover fees for litigating his entitlement to attorney's fees in this matter and the amount of said fees.

C. <u>Entitlement to Expert Witness Fees</u>

Plaintiff seeks to also recover his expert witness fees. Mot. at 17. Specifically, Plaintiff seeks to recover $102,189.00, which includes $55,821.20 for Mr. Santos, $10,727.80 for Mr. Hains, and $35,640.00 for Mr. Cote. *See Id*. Defendant opposes this relief. "Congress comprehensively addressed the taxation fees for litigants' witnesses" in 28 U.S.C. §§ 1920 and 1821. *Townsend v. Marriott Hotel Services, Inc.*, No. 6:21-cv-2071-ACC-LHP, 2023 WL 3995304 (M.D. Fla. March 30, 2023). "Section 1821 authorizes fees and allowances to an expert witness who appears in court or at a deposition." *Id*.

> Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.

28 U.S.C. § 1821(a)(1). Accordingly, Plaintiff is only entitled to expert fees incurred for those expert witnesses who appeared in court or at a deposition. Based on Plaintiff's Exhibit 5 to the Motion, two expert witnesses appeared at trial representing Alpha Marine Surveyors (April 22, 2025, April 23, 2025, and April 24, 2025) and Cote Marine LLC (April 25, 2025).

6

"[I]t is impermissible to seek compensation for the total fees a party pays to their (sic) expert witness." *Davenport v. Thor Motor Coach, Inc.*, No. 3:14–cv–537–J25–PDB, 2016 WL 8200521, at *4 (M.D. Fla. Feb. 2, 2016). Therefore, Plaintiff's expert fees must be limited to the contours of 28 U.S.C. § 1821, which states, "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance." 28 U.S.C. § 1821. "Beyond that modest amount, expert witness expenses may not be calculated as part of attorneys' fees or general litigation costs except as allowed by specific provisions of fee-shifting statutes." *Messana v. Mercedes-Benz of North America, Inc.*, No. 99 C 912, 2000 WL 988163, at *4 (N.D. Ill. July 18, 2000). "Magnuson-Moss does not provide for an award of expert witness fees." *Id.* As a result, Plaintiff is only entitled to $160 in expert witness fees.

## II. REASONABLENESS

A reasonable attorney fee award is calculated "by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). "This lodestar may then be adjusted for the results obtained." *Id.* (internal quotation omitted). "If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." *Hepsen v. J.C. Christensen & Assocs., Inc.*, 394 F. App'x 597, 601 (11th Cir. 2010) (internal quotation omitted). A court may reduce the amount by some portion if the relief "is limited in comparison to the scope of the litigation as a whole." *Id.* Here, Plaintiff initially asserted six causes of actions, but three claims were dismissed. *See* Order on Mot. Dismiss, ECF No. 85. At trial, Plaintiff was only successful on one out of

three remaining claims. In light of the result obtained in comparison to the litigation as a whole, the Court finds a two-thirds reduction of Plaintiff's entitled fees to be reasonable.[5]

### III. RECOMMENDATION

For the reasons stated herein, the Undersigned respectfully recommends that the Court:

1. **GRANT IN PART AND DENY IN PART** Plaintiff's Motion; and
2. **AWARD** Plaintiff total fees and cost in the amount of $271,190.71.

### NOTICE TO PARTIES

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; S.D. Fla. Mag. R. 4(a).

**DONE AND ORDERED** in Chambers in Miami, Florida on this 9th day of October, 2025.

_____
**ENJOLIQUÉ A. LETT**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record

---

[5] After reducing the amount of expert fees to $160, Plaintiff's request is lessens to $813, 572.13. One-third of this amount is $271,190.71.