UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-60358-ALTMAN/LETT

**KENNETH HOROWITZ**, *as assignee of*
**UNDERWATER EXPLRATION COMPANY INC.**,

    *Plaintiff*,

v.

**ALLIED MARINE, INC.**,

    *Defendant*.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On May 7, 2025, the Plaintiff filed a Renewed Motion for Attorney's Fees and Costs (the "Motion") [ECF No. 283]. On October 10, 2025, U.S. Magistrate Judge Enjoliqué A. Lett issued a Report and Recommendation (the "Report") [ECF No. 309], in which she suggested that we should grant in part and deny in part the Motion. Magistrate Judge Lett also issued the following warning:

> "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3- 1; S.D. Fla. Mag. R. 4(a).

*Id.* at 8. That deadline has passed, and neither party has objected to the Report. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's

intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988).

Having reviewed the Report, the record, and the applicable law—and finding no clear error on the face of the Report—we hereby **ORDER and ADJUDGE** as follows:

1. The Report and Recommendation [ECF No. 309] is **ACCEPTED and ADOPTED** in full.
2. The Plaintiff's Motion [ECF No. 283] is **GRANTED in part** and **DENIED in part**.
3. The Plaintiff shall be awarded **$271,190.71** in attorney's fees and costs.
4. This case shall remain **CLOSED**.

**DONE AND ORDERED** in the Southern District of Florida on October 30, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record